FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DIXON MIKE YALLUP,<br><br>        Defendant. | No. 1:18-cr-02030-SAB<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

Before the Court are the Government's Motion for a Protective Order, ECF No. 20, and related Motion to Expedite, ECF No. 21. Defendant does not oppose the motions. ECF No. 21. Having considered the motion, the Court finds the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case. Therefore, the Court **grants** the Government's motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Motion for a Protective Order, ECF No. 20, and related Motion to Expedite, ECF No. 21, are **GRANTED**.

2. The privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.

//

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ^ 1

3. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. § 3509(d)(1) and (2) as follows:

A. The following persons shall abide by the protective measures identified below in subpart B: all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding; employees of the court; Defendant and employees of Defendant, including the attorney for Defendant and persons hired by Defendant or the attorney for Defendant to provide assistance in the proceeding; and members of the jury, if one is empaneled. Counsel shall remind all persons providing assistance on this case of these obligations.

B. The following protective measures shall apply in this case:

1. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court the complete paper to be kept under seal; and the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

2. Because the Court concludes that there is a significant possibility that the public disclosure of the alleged child victim's name and other personal information would be detrimental to the alleged child victim, the Court further orders that that any alleged minor victim will be referred to either by initials or a pseudonym, whichever is agreed upon by counsel for the United States and the Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1," "Jane Doe 2," etc.), rather than their names, in opening statements and in closing arguments.

3. All personal information relating to any minor victim shall be precluded from public disclosure.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 12th day of June 2018.



_____
Stanley A. Bastian
United States District Judge

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ^ 3